WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vonda Kinast,<br><br>          Plaintiff,<br><br>v.<br><br>Target Corporation, et al.,<br><br>          Defendants. | No. CV-15-01063-PHX-DLR<br><br>**ORDER** |

Before the Court is Defendant Target Corporation's ("Target") Motion for Summary Judgment. (Doc. 31.) The motion is fully briefed, and the Court heard oral argument on April 20, 2016. For the following reasons, Target's motion is granted.

## **BACKGROUND**

In August 2014, Plaintiff Vonda Kinast slipped and fell as she walked down the main aisle of a Target store in Mesa, Arizona to meet her friend, Mary Ewald. (Doc. 32, ¶¶ 1-2, 4, 7-8.) Kinast did not see what caused her fall, but felt the sensation of her foot slipping on something which "felt like . . . baby powder consistency." (*Id.*, ¶¶ 9, 14.) Ewald did not see Kinast fall, but came to her aid afterward. (*Id.*, ¶¶ 10-13.) Evan Serie, a former Target employee and the manager on duty at the time Kinast fell, responded to the scene, and paramedics arrived several minutes later. (*Id.*, ¶¶ 17, 20.) Although Kinast did not see anything on the floor before her fall, both she and Ewald saw a wipe nearby after the paramedics arrived. (*Id.*, ¶¶ 15-17.) Kinast does not know how long the

wipe was on the floor, or whether it was there before she fell. (*Id.*, ¶ 19.) During the relevant time period, the main aisle was busy and crowded. (*Id.*, ¶¶ 5-6.) Approximately 212 other people walked through the same aisle within an hour of the fall. (*Id.*, ¶ 28.) Further, fourteen people walked near the area where Kinast fell within two minutes before the incident. (*Id.*, ¶ 29.) No other customers slipped and fell during this time. (*Id.*, ¶ 28.)

In September 2014, Kinast brought a negligence action against Target in Maricopa County Superior Court. (Doc. 1-1 at 2-7.) Target removed to this Court and now moves for summary judgment. (Docs. 1, 31.)

## **LEGAL STANDARD**

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Substantive law determines which facts are material and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson*, 477 U.S. at 248). Thus, the nonmoving party must show that the genuine factual issues "'can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987) (quoting *Anderson*, 477 U.S. at 250). Furthermore, the party opposing summary judgment "may not rest upon mere allegations of denials of pleadings, but . . .

must set forth specific facts showing that there is a genuine issue for trial." *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995); *see also* Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). If the nonmoving party's opposition fails to specifically cite to materials either in the court's record or not in the record, the court is not required to either search the entire record for evidence establishing a genuine issue of material fact or obtain the missing materials. *See Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1028-29 (9th Cir. 2001); *Forsberg v. Pac. N.W. Bell Tel. Co.*, 840 F.2d 1409, 1417-18 (9th Cir. 1988).

## ANALYSIS

"A business proprietor has an affirmative duty to make and keep his premises reasonably safe for customers." *Chiara v. Fry's Food Stores of Ariz., Inc.*, 733 P.2d 283, 285 (Ariz. 1987). However, "[t]he mere occurrence of a fall on a floor within business premises is insufficient to prove negligence on the part of the proprietor." *Walker v. Montgomery Ward & Co., Inc.*, 511 P.2d 699, 701 (Ariz. Ct. App. 1973). A proprietor may be liable for an invitee's injuries only if the proprietor created the dangerous condition, had actual or constructive notice of it, or if the proprietor reasonably could anticipate that its mode of operation would regularly produce hazardous conditions. *Chiara*, 733 P.2d at 285-86. Kinast concedes she cannot prove Target created the condition that caused her fall, or that it had actual notice of it. (Doc. 39 at 7.) Instead, Kinast seeks to hold Target liable on constructive notice and mode of operation theories.

**I. Constructive Notice**

"[U]nder traditional negligence jurisprudence, a storeowner's liability can not be premised simply upon a plaintiff's proof that a storeowner had notice that a dangerous condition was a possibility." *Chiara*, 733 P.2d at 285. Rather, a plaintiff must show that the proprietor "ha[d] notice of the specific dangerous condition itself . . . ." *Id.* Thus, "[o]ne of the most important questions that must be answered in establishing constructive notice is the length of time that a given [condition] has been present." *Walker*, 511 P.2d at 702. Target argues that Kinast cannot prove it had constructive notice of the wipe on

1 the floor. The Court agrees.

2 Kinast has not provided sufficient evidence from which a jury reasonably could
3 determine the length of time that the wipe was on the floor. Kinast did not see the wipe
4 before she fell and even admits that the wipe might not have been on the floor until after.
5 Instead, she argues that Target's housekeeping practices create a triable question of fact.
6 Her argument is similar to one rejected by the Arizona Court of Appeals in *Walker*, in
7 which the plaintiff sued the defendant proprietor after slipping on a peach. *Id.* at 701.
8 The defendant did not have a regular inspection schedule; each employee "had the
9 responsibility of looking out for, and cleaning up, any spills." *Id.* The plaintiff urged the
10 court "to adopt a test for determining a defendant's culpability for injuries to a business
11 invitee based solely upon evidence of defendant's housekeeping practices." *Id.* at 703.
12 The court held that "such a test is not the law in Arizona . . . ." *Id.* Instead, "[a] plaintiff
13 must show that the defective condition had been in existence for a sufficient length of
14 time prior to the injury for the proprietor, in the exercise of reasonable care, to find and
15 correct it, or take remedial action." *Id.* The court affirmed a summary judgment for the
16 defendant because the plaintiff produced no evidence regarding the length of time that the
17 peach was on the floor. *Id.* at 704. Similarly, Kinast provides no evidence regarding the
18 length of time that the wipe was on the floor prior to her fall and therefore cannot prove
19 that Target had constructive notice.

20 Kinast argues that whether Target had constructive notice of the condition is
21 "speculative and therefore a question for the jury." (Doc. 39 at 8.) However, Arizona
22 law does not permit merely speculative claims to reach a jury. *See McGuire v. Valley*
23 *Nat'l Bank of Phoenix*, 381 P.2d 588, 590 (Ariz. 1963) (upholding directed verdict
24 against plaintiff where there was no evidence from which a reasonable jury could infer
25 "that one period of time was more reasonable than any other" and instead would have to
26 guess whether the condition had been present for a sufficient length of time).
27 Accordingly, because Plaintiff fails to provide any evidence regarding the length of time
28 the wipe was on the floor, no reasonable jury could find that the wipe was on the floor

long enough to put Target on constructive notice of its presence.

## II. Mode of Operation

Even where actual or constructive notice is lacking, a business may be liable for an accident on its premises based on its "choice of a particular mode of operation and not [the] events surrounding the plaintiff's accident." *Contreras v. Walgreens Drug Store No. 3837*, 149 P.3d 761, 763 (Ariz. Ct. App. 2006). To prevail under a mode-of-operation theory, a plaintiff must establish: "(1) the business reasonably could anticipate that the hazardous condition would occur on a regular basis, and (2) the business did not exercise reasonable care under the circumstances." *Shuck v. Texaco Refining & Marketing, Inc.*, 872 P.2d 1247, 1249 (Ariz. Ct. App. 1994). The rule is of limited application. *Chiara*, 733 P.2d at 286. It "focuses not on whether a [condition] occurs at some interval," but on whether the condition creates a hazard "to customers with sufficient regularity to be considered customary, usual, or normal." *Contreras*, 149 P.3d at 764.

Target admits that customers sometimes dispose of wipes in carts rather than in trashcans. However, Kinast presents no evidence that cart wipes regularly created hazardous conditions for Target's customers. This case is similar to *Contreras*, in which the plaintiff slipped on a slimy blue substance on the floor of the defendant's store. 149 P.3d at 762. The plaintiff produced evidence that spills occurred a couple of times per week. *Id.* Affirming the trial court's entry of summary judgment for defendant, the Arizona Court of Appeals stated that "although [the] evidence might permit a reasonable jury to conclude spills occur with some regularity, it does not permit the inference such spills regularly created a hazardous condition." *Id.* at 763. Because the plaintiff did not present evidence "about the location of the spills or the hazard they present to customers," the court held that evidence of spills occurring twice a week was "not sufficient for a reasonable jury to conclude that a hazardous condition resulting from those spills would regularly occur." *Id.* Likewise, Kinast presents no evidence of past incidents involving cart wipes such that Target reasonably could anticipate wipes

regularly would pose a hazard. On this record, no reasonable jury could find that Target reasonably should have anticipated dangerous conditions from cart wipes based on its mode of operation.

## CONCLUSION

Target is entitled to summary judgment because Kinast cannot show it had constructive notice of the condition that caused her fall, or that Target reasonably could anticipate that its mode of operation would regularly produce hazardous conditions.

**IT IS ORDERED** that Defendant Target Corporation's Motion for Summary Judgment, (Doc. 31), is **GRANTED**. The Clerk shall enter judgment accordingly and terminate this case.

Dated this 21st day of April, 2016.

Douglas L. Rayes
United States District Judge